STATE, EX REL. WILLIAM H. CAMPBELL ET AL., RELA-
TORS, v. JOSEPH G. CHAMPION ET AL., RESPONDENTS.

Decided September 13, 1927.

Quo Warranto—Municipal Offices—Motion to Vacate as Im-
providently Granted—Relators Allege That, a Municipal Elec-
tion Having Been Held Under an Improper Statute, the
Officers Formerly Holding Continue in Office—Respondents
Allege That the Rule is Definite That a Proceeding Such
as This Does Not Lie in the Hands of an Individual to
Attack the Existence of a Municipal Corporation Under
Which the Offices Were Created—Held, That the Proposed
Attack Appears to be Rather That the Election Being a
Nullity, the Relators Held Over and Respondents Have
Usurped the Offices Belonging to Relators.

On *quo warranto*.

Before Mr. Justice CAMPBELL.

For the relators, *Clarence L. Cole*.

For the respondents, *Emerson L. Richards* and *Frank
Stanley Kreps*.

I am asked to vacate a consent heretofore granted by me
for leave to exhibit an information in the nature of a *quo
warranto* in that it is urged that it was improvidently
granted and also that the information be stricken out, in
that the proceeding is not warranted by section 1 of the
*Quo Warranto* act, under which, concededly, it was instituted.

The exact contention is that by the proceeding in question
the relators are attacking the existence of an office or offices
and not merely the right of the incumbent respondents to
occupy and hold the same.

The contention of relators appears to be that an election,
held in Ocean City on May 10th, 1927, was held pursuant
to the provisions of chapter 221, *Pamph. L.* 1911, and its
supplements and amendments, and should have been held

under *Pamph. L. 1924, p.* 319. The difference being that under the latter act a mayor and four commissioners should have been chosen, while under the former act three commissioners only were chosen; that such election was a nullity and the commissioners holding office prior to such election held over, and relators are two of such persons. *Steelman* v. *Vickers,* 51 *N. J. L.* 180; *Gibbs* v. *Somers Point,* 49 *Id.* 515; *Holloway* v. *Dickinson,* 69 *Id.* 72; *Moore* v. *Seymour,* 69 *Id.* 606, and *Morris* v. *Fagan,* 85 *Id.* 617, cited by respondents, definitely lay down the rule that a proceeding such as this does not lie in the hands of an individual to attack the existence of the municipal corporation under which or by the power vested in which an office or offices is or are created.

From the facts before me, however, the proposed attack of relators does not appear to be in that direction, but rather, as before stated, the election of 1927 being a nullity, they held over as commissioners and all or some of the respondents have intruded into, usurped and are occupying offices that relators are entitled to occupy.

The application to vacate and strike out is therefore denied.